WWR#40463754

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A2 REALTY GROUP, LLC )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>WONDERAMA HOLDINGS, LLC )<br>)<br>)<br>    Defendant. )<br>) | CASE No: 1:19-cv-09901-JGK<br><br>Judge: Judge John G. Koeltl<br><br>Magistrate Ona T. Wang<br><br>**<u>JUDGMENT ENTRY</u>** |

This matter is before the court pursuant to the Motion To Dismiss filed by Plaintiff A2 Realty, LLC ("A2"). Upon consideration of said motion, the court hereby grants Plaintiff's Motion to Dismiss this action, with prejudice, pursuant to settlement reached between Plaintiff and Defendant Wonderama Holdings, LLC. The terms of the settlement agreement between the parties are expressly incorporated into this Judgment Entry, with the court retaining jurisdiction to enter further orders as may be necessary to enforce the terms of the settlement agreement.

IT IS SO ORDERED.

DATE: July 16, 2020             /s/ John G. Koeltl
                                                        John G. Koeltl, U.S.D.J.

> The Settlement Agreement is attached. The Clerk is directed to close this case and to close all pending motions.
> SO ORDERED.
> New York, NY    /s/ John G. Koeltl
> July 16, 2020    John G. Koeltl, U.S.D.J.

Submitted by:

/S:/*Geoffrey Peters*
Geoffrey Peters (4247904)
Weltman Weinberg & Reis Co. LPA
3705 Marlane Drive
Grove City, OH 43123
gpeters@weltman.com

Attorneys for Plaintiff

WWR #40463754

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is entered into as of this  17  day of June, 2020, by and between A2 Realty Group, LLC ("A2"), and Wonderama Holdings, LLC ("Wonderama"). A2 and Wonderama shall sometimes be referred to collectively herein as the "Parties." This Agreement will inure to the benefit of each as set forth hereafter.

## WITNESSETH:

WHEREAS, on or about August 9, 2017, Wonderama borrowed $200,000.00 from A2 pursuant to the terms of a Promissory Note, the terms of which were later restated on or about February 10, 2018 in an Amended and Restated Promissory Note (the "Note), which required that Wonderama repay the outstanding principal and interest due on the Note on or before February 9, 2019; and,

WHEREAS, A2 still holds the Note arising from the loan, and has not assigned the Note, in whole or in part, to any third party, and retains the sole and exclusive right to enforce the terms thereof, including but not limited to, any payment obligation; and,

WHEREAS, a dispute has arisen over Wonderama's failure to make all required payments in a timely manner by February 9, 2019, at which time the outstanding amount due on the Note was $174,644.57, plus 8.5% interest per annum (the "dispute"); and

WHEREAS, A2 has certain claims against Wonderama arising from the dispute which resulted in the filing of a civil action in the United States District Court for the Southern District of New York, Case No. 1:19-cv-09901, captioned *A2 Realty Group, LLC v. Wonderama Holdings, LLC* (the "Lawsuit") ; and,

WHEREAS, Wonderama has denied any and all liability for the claims asserted against it in the Lawsuit arising from the dispute; and,

WHEREAS, A2 and Wonderama, on behalf of themselves and their individual employees, officers, members, owners, assigns, and all others who may claim by or through the Parties, desire to fully, finally and completely resolve any and all claims, demands and causes of action set forth in the Lawsuit in an amicable manner.

NOW, THEREFORE, in consideration of the promises, covenants, settlements, releases, and undertakings hereinafter set forth, the sufficiency of which the Parties acknowledge, A2 and Wonderama hereby agree as follows:

1. **Payments By Wonderama.** Wonderama agrees to pay A2 or its nominee, the law firm of Weltman Weinberg & Reis Co., LPA, the total amount of $70,000.00 (the "Settlement Amount") in three payments, as follows: (A) $25,000.00 within thirty (30) days following the execution of this Agreement, (B) 25,000.00 within seventy-five (75) days following the execution of this Agreement, and (C) $20,000.00 within one hundred and five (105) days following the execution of this Agreement. Time is of the essence. Wonderama shall have a fourteen (14) day grace period to cure one (1) default in the payments set forth above. The fourteen day period to cure one default shall run from the due date for such payment, provided that Wonderama or its counsel notifies A2's attorneys on or before the payment due date, that it is exercising its one right to cure, by providing notice by email sent to rschechter@weltman.com and sweltman@weltman.com. Upon such notice, that one payment shall then be due fourteen (14) days from its original due date.

Wonderama shall make the above-described payments to A2's counsel, the law firm of Weltman Weinberg & Reis Co., LPA, pursuant to the bank wire information below:

Bank: JP Morgan Chase Bank N.A.
Address: 1300 East 9th Street, Cleveland Ohio 44114
ABA Routing No.: 044000037
SWIFT (International Only): CHASUS33
Account No.(or IBAN): 427887380
Account Name: Weltman, Weinberg, & Reis Co., L.P.A.

To ensure proper credit, each payment must identify the payor as "Wonderama Holdings, LLC" and also include "WWR No. 40463754."

2. **Confession of Judgment and Judgment Entry.** Additionally, upon execution of this Agreement, Wonderama, by counsel, agrees to execute a Stipulated Consent Judgment Entry (the "Judgment") in favor of A2 for the full amount due under the Note set forth in the Complaint filed in the Lawsuit, $174,644.57, plus 8.5% per annum, in the form attached hereto as Ex A. A2 or its counsel will hold the Judgment in trust, pending Wonderama's timely payment of the amounts set forth in Paragraph 1, above. The amount of the Consent Judgment Entry shall be the left blank at the time of its execution. A2 agrees not to fill in and file the Judgment unless Wonderama fails to make any of the required payments. Upon the full and timely payment of the $70,000.00 Settlement Amount, the entire balance due under the Loan, the Note and Judgment shall be deemed settled, paid in full and completely satisfied, and any and all rights of A2 to enforce the Note against Wonderama, or any person or entity related in any way to Wonderama, shall be extinguished.

If Wonderama fails to make any of the payments, then A2 shall have the right, but not obligation, to immediately complete the Judgment and request that the Court enter it upon A2's presentation of an affidavit from A2's counsel attesting to (i) Wonderama's payment default, (ii) all payments received, if any, by A2 under this Agreement, and (iii) the amount to be written in the Judgment, after first giving Wonderama credit for all payments made to A2 under this

Agreement, if any, which shall be subtracted from the $174,644.57, plus 8.5% per annum due on February 9, 2019, through the date of default. The Parties agree that the Judgment may be entered in the U.S. District Court for the Southern District of New York where the Complaint was filed, and that the Court will expressly retain jurisdiction to enter such judgment as a matter of record in that action, even if the Lawsuit has been previously dismissed. The Parties agree that the amount of the Judgment against Wonderama shall be the then remaining amounts due under the Note, including but not limited to, the aggregate of all remaining payments due under the Note, plus interest specified in the Note, plus all A2's court costs. Interest on the Judgment shall accrue post judgment entry at the rate of 8.5% per annum called for in the Note. Should Wonderama timely make the Payments required hereunder, A2 shall return the Judgment Entry to Wonderama or its counsel, or provide written confirmation that the Consent Judgment Entry is no longer of any legal effect and has been destroyed.

3. **Enforcement of Settlement Agreement and Stipulated Confession of Judgment.** The Parties understand and agree that either party may bring an action to enforce its rights, interests, or any obligation arising under or set forth in this Agreement in the same Court in which the Complaint was filed, or any other court of competent jurisdiction. Further, the Parties agree that if any action or proceeding is instituted to enforce the Judgment against Wonderama and/or to collect the amounts owed to A2 under the Note or this Agreement, then Wonderama shall pay A2 for all its attorneys' fees, costs, and expenses incurred in connection with enforcing this Agreement and collecting the amounts owed to A2.

4. **Dismissal Entry**. Upon execution of this Agreement, A2 shall file a Notice of Dismissal of the lawsuit, dismissing all of its claims in the Lawsuit with prejudice, with each party to bear their own attorneys' fees and costs at this point, pending Wonderama's fulfillment of all its

obligations hereunder. The dismissal entry or Order of Dismissal shall incorporate this Agreement, and contain a reservation of jurisdiction by the Judge and Court to enforce the Agreement and enter any Judgment, as necessary. The Parties agree and acknowledge that dismissal of the Lawsuit does not affect in any way A2's right or ability to re-open the matter, file the Judgment, and to collect the amounts owed, including attorneys' fees, costs, and interest, in the event Wonderama fails to perform any or all of its obligations hereunder.

5.   **Claim in Event of Bankruptcy.**   As a part of this Agreement, the Parties expressly agree that, should Wonderama file bankruptcy, enter receivership, or otherwise seek relief from the obligation of its debts, A2 shall retain the right to file a claim in any proceeding for the full amount due under the Lease, minus any monies Wonderama paid to A2 under this Agreement, which A2 is entitled to keep without condition and that are not subject to return to the bankruptcy estate, trustee, debtor, debtor-in-possession, or any other entity as a result of any bankruptcy, receivership, or other debtor protection.

6.   **Release by A2.**   Upon full and timely payment of the Settlement Amount by Wonderama and Wonderama's fulfillment of its obligations under this Agreement, A2 expressly agrees to fully and forever release Wonderama, and its direct or indirect owners, directors, officers, employees, assigns, successors, related entities, and any other person or entity related to or affiliated with Wonderama in any way, including but not limited to, Charles E. Armstrong and Edward M. Bralower personally, from and against any and all claims, rights, demands, damages and causes of action of any kind whatsoever, whether in law, equity, statute, contract, tort or otherwise, which A2 has had, now has, or may later have or claim to have against them arising from the dispute, the Note and the Lawsuit.

If a monetary judgment has been issued by the court prior to Wonderama making the payments required hereunder, then upon Wonderama fulfilling all payment obligations set forth herein, A2 will file a Notice of Satisfaction of Judgment as a matter of record in the Lawsuit, noting the parties have fully settled the dispute with prejudice.

7   **Release Governing Law.**  This Agreement shall be interpreted under the laws of the State of New York, without regard to its conflict of laws provisions, and shall be binding upon the Parties and their successors and assigns.

8.   **Voluntary and Knowing Settlement.**  The Parties understand and agree to the terms of this Agreement, have sought legal advice about its scope and effect, and have entered into the Agreement freely and voluntarily, with the intent to be bound hereunder.

9.   **Additional Settlement Terms.**

A.   The Parties hereby represent and warrant that no promises or inducements have been made to them except as set forth in this Agreement. The Parties also represent that the individuals executing this Agreement fully understand, and are competent and authorized to execute this Agreement.

B.   The Parties acknowledge, represent and warrant that: (1) No party has relied on any statement, representation, omission, inducement, or promise of any other party (or any officer, agent, employee, representative, or attorney thereof) in executing this Agreement, or making the settlement provided herein; (2) each party to this Agreement has investigated the facts pertaining to this settlement and this Agreement to the full extent deemed necessary for the purposes of executing this Agreement; (3) each party has carefully read and reviewed the full contents of this Agreement, and where necessary obtained the advice of the counsel of their

choosing, and is voluntarily entering into this Agreement; (4) the terms of this Agreement are contractual in nature and not a mere recital.

      C.      This Agreement represents the entire agreement between the Parties with respect to the subject matter hereof. It replaces any and all prior and contemporaneous oral and written agreements and discussions between the Parties, and may be amended only by an agreement in writing signed by all the Parties hereto.

      D.      This Agreement is binding upon, and shall inure to the benefit of, the Parties hereto and their respective affiliated companies, agents, employees, representatives, officers, directors, members, subsidiaries, assigns, heirs, attorneys, and successors in interest.

      E.      This Agreement may be executed in counterparts, including by electronic signature or facsimile, each of which shall be deemed an original and which taken together shall construe and constitute one and the same instrument.

IN WITNESS HEREOF, A2 Realty Group, LLC and Wonderama Holdings, LLC have voluntarily executed this Agreement as of the date(s) set forth herein, with the intention of being bound thereunder.

**REST OF PAGE LEFT INTENTIONALLY BLANK**

| A2 Realty Group, LLC | Wonderama Holdings, LLC |
|---|---|
| By:_____ | By:_____ |
| Its:_____ | Its:_____ |
| Dated:_____ | Dated:_____ |

| | |
|---|---|
| A2 Realty Group, LLC | Wonderama Holdings, LLC |
| By: _____ | By: <u>Charles E. Armstrong</u> |
| Its: _____ | Its: <u>Managing Member</u> |
| Dated: _____ | Dated: <u>06/17/20</u> |

| | |
|---|---|
| *[signature]* | |
| K2 Realty Group, LLC | Wonderama Holdings, LLC |
| By: JON FRATTAROLI | By: _____ |
| Its: MANAGING MEMBER | Its: _____ |
| Dated: JUNE 15, 2020 | Dated: _____ |

# EXHIBIT A

WWR #40463754

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A2 REALTY GROUP, LLC ) | CASE No: 1:19-cv-09901-JGK |
| ) | |
| Plaintiff, ) | Judge: Judge John G. Koeltl |
| ) | |
| vs. ) | |
| ) | **STIPULATED CONSENT** |
| WONDERAMA HOLDINGS, LLC ) | **JUDGMENT ENTRY** |
| ) | |
| Defendant. ) | |
| ) | |

By agreement of Plaintiff A2 Realty Group, LLC ("A2"), and Defendant Wonderama Holdings, LLC ("Wonderama" or "Defendant"), Judgment is hereby rendered in favor of A2 and against Wonderama, in the principal amount of $ _____, plus interest at 8.5% per annum from the date this judgment is entered, plus attorney fees and costs and expenses. Defendant waives all errors and any right to appeal from this Consent Judgment Entry. This Consent Judgment Entry replaces any prior Judgment Entry that may have been entered with respect to this matter. This is the final determination of the claims asserted by the parties to this Lawsuit, and there is no just reason for delay in the entry of this Consent Judgment Entry.

IT IS SO ORDERED.

DATE: _____      _____
                                          JUDGE

Consented and Agreed to by:

_____
Roy J. Schechter (0034689)
965 Keynote Circle
Cleveland, OH 44131
(216) 685-1062
(216) 363-6913 - Fax
rschechter@weltman.com

Attorneys for Plaintiff

Edward C. Greenberg (         )
Edward C. Greenberg, LLC
570 Lexington Avenue
19th Floor
New York, NY 10022
egclaw@gmail.com

Attorney for Defendant